UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ATON CENTER, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>BLUE CROSS OF CALIFORNIA, a corporation doing business as Anthem Blue Cross,<br><br>Defendant. | Case No.: 3:17-cv-00852-BEN-MDD<br><br>**ORDER:**<br><br>**1) GRANTING PLAINTIFF'S MOTION TO REMAND; and**<br><br>**2) DENYING AS MOOT DEFENDANT'S MOTION TO DISMISS** |

Before the Court are the Motion to Dismiss (Docket No. 9) filed by Defendant Blue Cross of California dba Anthem Blue Cross and the Motion to Remand (Docket No. 10) filed by Plaintiff Aton, Center, Inc. The motions are fully briefed. The Court finds the motions suitable for determination on the papers without oral argument pursuant to Civil Local Rule 7.1.d.i. For the reasons that follow, Plaintiff's motion to remand is **GRANTED**, and Defendant's motion to dismiss is **DENIED as moot**.

///

///

///

# BACKGROUND[1]

Plaintiff Aton, Center, Inc. ("Aton") is an inpatient residential substance abuse treatment facility authorized to do business and doing business in California. (Docket No. 7, Amended Complaint ("AC") ¶ 1.) Blue Cross of California dba Anthem Blue Cross ("Anthem") is a corporation authorized to do business and doing business in California. (*Id.* ¶ 2.) This case arises out of a disagreement over the amount of payment Anthem allegedly owes Aton for Aton's treatment of two patients, JF and GO, who at all relevant times were insured under health insurance policies issued by Anthem. (*Id.* ¶¶ 5-8.)

After JF and GO requested treatment from Aton, Aton contacted Anthem "to verify available benefits." (*Id.* ¶ 6.) Anthem advised Aton that "the policies provided for and [Anthem] would pay for inpatient treatment, based on the usual, reasonable and customary rate." (*Id.*) Relying on Anthem's representations that it would pay the usual, reasonable and customary rate ("UCR") for JF's and GO's treatment, Aton admitted and treated JF and GO. (*Id.*) However, after Aton submitted claims for payment, Anthem allegedly underpaid Aton by $44,498.93 for JF's treatment and $42,725 for GO's treatment. (*Id.* ¶ 8.) Subsequently, Aton filed a lawsuit against Anthem in the Superior Court of California, County of San Diego.[2]

# PROCEDURAL HISTORY

On April 26, 2017, Anthem removed Aton's action to this Court based on federal question jurisdiction. (Docket No. 1.) Specifically, Anthem asserted some of Plaintiff's claims arose under and were completely preempted by the Employee Retirement Income Security Act of 1974 ("ERISA"). (*Id.* at pp. 1-4.) On June 6, 2017, Anthem filed a motion to dismiss the removed complaint. (Docket No. 6.) Instead of filing an

---

[1] The following overview of the facts is taken from the allegations of Plaintiff's Amended Complaint. (Docket No. 7.) The Court is not making findings of fact.
[2] California Superior Court Case No. 37-02017-00009103-CU-BC-NC. (Docket No. 1.)

opposition, Aton exercised its right pursuant to Federal Rule of Civil Procedure 15(a)(2) to file the operative Amended Complaint. (Docket No. 7.) On June 23, 2017, Anthem withdrew its motion to dismiss the removed complaint, and filed the instant motion to dismiss the Amended Complaint. (Docket Nos. 8, 9.) On June 30, 2017, Aton filed the instant motion to remand. (Docket No. 10.)

## DISCUSSION

**1. Aton's Motion to Remand**

Aton moves for an order remanding its case back to the California Superior Court on the grounds that its Amended Complaint contains solely state law claims, divesting this Court of any basis for subject matter jurisdiction. Anthem opposes Aton's motion, arguing Aton's Amended Complaint continues to contain claims arising under and completely preempted by ERISA. Remand is appropriate because each of Aton's claims arise under state law.

A district court may inquire into its own jurisdiction at any time. *Herklotz v. Parkinson*, 848 F.3d 894, 897 (9th Cir. 2017); *Fossen v. Blue Cross & Blue Shield of Mont., Inc.*, 660 F.3d 1102, 1113 n.7 (9th Cir. 2011) (district court is free to reexamine supplemental jurisdiction on remand). Although, a court is not required at any particular time to *sua sponte* consider whether it is proper to assert continuing federal jurisdiction over state law claims when federal claims are eliminated, it must do so where, as here, Plaintiff has raised the issue.

Aton explains that it was not aware JF and GO received insurance benefits under an ERISA plan at the time it filed its complaint in state court. (Remand Mot. at pp. 3-4; Declaration of John W. Tower ¶ 4.) It asserts that it was only able to confirm this information after Anthem filed its first motion to dismiss, and acknowledges that the two claims it asserted as an assignee to JF's and GO's plans "would probably be preempted by ERISA and/or prohibited by an anti-assignment provision." (*Id.*) In response to this revelation, Aton amended the complaint to remove that assignment claims, and only assert "state law claims which are independent of and separate from ERISA." (Remand

3

Mot. at p. 4.) Nevertheless, Anthem essentially argues that Aton's action must remain in this Court because its claims remain subject to ERISA due to its earlier assertion of rights as an assignee. Anthem is mistaken.

"ERISA preempts the state claims of a provider suing as an assignee of the beneficiary's rights to benefits under an ERISA plan." *Cedars-Sinai Med. Ctr. v. Nat'l League of Postmasters of U.S.*, 497 F.3d 972, 978 (9th Cir. 2007) (citing *The Meadows v. Employers Health Ins.*, 47 F.3d 1006, 1008 (9th Cir. 1995)). However, "ERISA does not preempt 'claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an independent entity claiming damages' . . . because such claims do not 'relate' to ERISA preemption." *Id.* (quoting *The Meadows*, at 1009); *see also Catholic Healthcare W.-Bay Area v. Seafarers Health & Benefits Plan*, 321 F. App'x 563, 564 (9th Cir. 2008) ("where a third party medical provider sues an ERISA plan based on contractual obligations arising directly between the provider and the ERISA plan (*or for misrepresentations of coverage made by the ERISA plan to the provider*), no ERISA-governed relationship is implicated and the claim is not preempted.") (citing *The Meadows*, at 1008-11) (emphasis added).

Aton's Amended Complaint and remand briefing make clear that it has abandoned any claim of rights it may, or may not, have had as an assignee of JF's and GO's insurance benefits. Instead, it asserts independent state law claims related to Anthem's alleged breach of an oral contract regarding the amount to be paid for JF's and GO's treatment. Even if, as Anthem proffers, Aton has received some payments under an ERISA plan,[3] such payments do not, *ipso facto*, revert Aton's independent contract claims into assignee claims. The Court agrees with Aton that *The Meadows* controls. Therefore, Aton's claims are not preempted under ERISA because they amount to claims by an independent entity claiming damages. *The Meadows*, 47 F.3d at 1008 ("The

---

[3] *See* Remand Opp'n at pp. 2-3; Declaration of Randy Hendel ¶¶ 3-4; Def.'s Exs. AA-BB.

4

question before us, however, is whether ERISA preempts claims by a third-party who sues an ERISA plan not as an assignee of a purported ERISA beneficiary, but as an *independent* entity claiming *damages*. We hold that ERISA does not.") (emphasis in original); *see also Catholic Healthcare*, 321 F. App'x at 564 ("Although St. Mary's could have brought an ERISA claim derivatively as an assignee, the Complaint does not assert a derivative claim. . . . Rather, the Complaint asserts claims based on a direct contractual relationship that arose between St. Mary's and Seafarers and misrepresentations made to St. Mary's by Seafarers. None of these claims rest on the assignment of benefits under an ERISA plan, the claims are based on independent state law, and the dispute involves a contract and representations made between a third party provider and a plan—a relationship that is not governed by ERISA.").

In sum, the Court is not persuaded that ERISA preemption applies to any of Plaintiff's claims in the Amended Complaint, and next considers whether it should retain supplemental jurisdiction over the remaining state law claims. Once the claim over which it had original jurisdiction is dismissed or otherwise eliminated, a federal court has discretion to remand or dismiss the remaining state claims. 28 U.S.C. § 1367(c)(3). "When the balance of . . . factors indicates that a case properly belongs in state court, as when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction by dismissing the case without prejudice." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988) (citations omitted). Remand may be preferable to dismissal when declining to exercise jurisdiction. *Id*. at 352-53 ("Even when the applicable statute of limitations has not expired, a remand may best promote the values of economy, convenience, fairness, and comity.").

*Carnegie-Mellon* observes that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine – judicial economy, convenience, fairness, and comity – will point toward declining to exercise jurisdiction over the remaining state-law claims. . . . [and]

these factors usually will favor a decision to relinquish jurisdiction when 'state issues substantially predominate, whether in terms of proof, of the scope of the issues raised, or of the comprehensiveness of the remedy sought.'" 484 U.S. at 350 n.7 (citations omitted); *Acri*, 114 F.3d at 1001 ("The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims.'"); *Reynolds v. Cnty. of San Diego*, 84 F.3d 1162, 1171 (9th Cir. 1996) ("[A]fter granting summary judgment on the civil rights claim, the court should have dismissed the state law claims without prejudice."). Continuing to assert federal jurisdiction over purely state law claims is less compelling when the federal claim is eliminated at an early stage of the litigation and the case presents novel or complex issues of state law, as does this case. *Carnegie-Mellon*, 484 U.S. at 351 ("When the single federal-law claim in the action was eliminated at an early stage of the litigation, the District Court had *a powerful reason* to choose not to continue to exercise jurisdiction.") (emphasis added).

Here the federal-law claims were eliminated early in the litigation and only state law questions remain. Informed by the *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966), values of economy, convenience, fairness, and comity, rather than dismiss the remaining claims, the Court declines to exercise jurisdiction over the remaining state law claims and **GRANTS** Aton's motion to remand. *Zochlinski v. Regents of Univ. of California*, 538 F. Appx. 783, 784 (9th Cir. 2013) ("The district court properly declined to exercise supplemental jurisdiction over Zochlinski's state law claims after dismissing his federal claims.").

**2.    Anthem's Motion to Dismiss**

Because the Court remands this case to the California Superior Court, Anthem's Motion to Dismiss is now moot, and therefore **DENIED**.

**CONCLUSION**

For all of the reasons stated above, Plaintiff's Motion to Remand is **GRANTED**, and Defendant's Motion to Dismiss is **DENIED as moot**. This case is remanded to the

Superior Court of California, County of San Diego.  Each side shall bear their own costs and attorney fees incurred as a result of the removal. 28 U.S.C. § 1447(c).

**IT IS SO ORDERED.**

Dated:  December 4, 2017

_____
Hon. Roger T. Benitez
United States District Judge